## No. 594

### HUTCHINSON v. JONES

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6253.　Decided Mar. 1, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

**225. CHARGE TO JURY**—The court must charge as to all the issues in a pleading separately, and it is error not to do so.

**480. EVIDENCE**—Where contributory negligence is averred the burden of proof is upon the plaintiff to prove that he is not guilty of such negligence.

PER CURIAM.

R. W. Jones recovered a judgment against Charles Hutchinson in the Cuyahoga Common Pleas for injuries claimed to have been sustained in an automobile accident; the occurrence of which was due to Hutchinson's negligence.

Jones' petition alleged that Hutchinson operated his machine in a negligent manner, at an unreasonable rate of speed, in regard to width of street and traffic thereon; and also that he failed to abate his speed or stop when he saw Jones' danger.　Hutchinson averred contributory negligence on part of Jones which was proven by the evidence.

The question of speed after evidence was in, to prove excessive rate, was taken from the jury; and none of the various issues in the case were defined to the jury—the trial judge summing up in his charge all of the issues in one, briefly saying, that if from the evidence, Hutchinson was guilty of negligence or that he did not act as a reasonably prudent man would under same and similar circumstances, the finding was to be for Jones; and also that the weight of evidence, as to proving contributory negligence is upon the defendant.　Error was prosecuted and the Court of Appeals held:

1.　In submitting the case to the jury it is the duty of the trial judge to separate and definitely state the issues of fact made in the

pleadings, accompanied by such instructions as to issues as the nature of the case may require.

2. The jury on the charge in this case could render a verdict fixed upon what they thought a hypothetical prudent man would do without regard to issues proven in the case itself.

3. Where presumption of contributory negligence is raised by the testimony it is upon the plaintiff to remove that presumption. This rule should have been applied in the instant case.

4. The court failing to charge correctly either upon the issues in the case or as to the burden of proof the judgment is reversed and remanded for a new trial.

Judgment reversed.

Attorneys—J. R. Kistner for Hutchinson; Payer, Winch, Minshall & Karch for Jones; all of Cleveland.